IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| SKINNY KID PRODUCTIONS, LLC § | |
| § | |
| Plaintiff, § | |
| § | C.A. NO. 7:20-cv-00107 |
| V. § | |
| § | |
| ARTHUR J. GALLAGHER & CO.; § | |
| ARTHUR J. GALLAGHER SERVICE § | |
| COMPANY, LLC § | |
| § | |
| Defendants. § | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Arthur J. Gallagher & Co. ("AJG") and Arthur J. Gallagher Service Company, LLC (collectively, "Gallagher") provide notice, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, of the removal of this action styled and numbered, *Skinny Kid Productions, LLC v. Arthur J. Gallagher & Co., et al.*, Cause No. A-20-04-0433-CV, currently pending in the 70th Judicial District Court of Ector County, Texas to the United States District Court for the Western District of Texas, Midland Division. As grounds for removal, Gallagher respectfully shows the Court as follows:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. On April 21, 2020, Plaintiff Skinny Kid Productions, LLC ("Skinny Kid") filed its state court lawsuit in the 70th Judicial District Court, Ector County,

Texas, Cause No. A-20-04-0433-CV. Skinny Kid alleges that it operates a raceway in Ector County, and it is the named insured under a property insurance policy identified as:

| Policy Number | Insurance Company |
|---|---|
| SMPRP0000900 | Arch Insurance Company |

(the "Policy"). Skinny Kid alleges that the Policy provides coverage for eight buildings and contents in the amount of $550,000.

2. Skinny Kid contends that, on or about October 7, 2018, its property sustained damage from a fire caused by a storm. It submitted a claim to the insurer under the Policy. Skinny Kid alleges that the insurer determined the amount of loss to be $307,740.95; however, the insurer found that the proper replacement cost of the buildings and contents on the property was $1,171,329, rather than the $550,000 written in the Policy. Accordingly, the insurer applied a 53% co-insurance penalty for the property being underinsured, resulting in a payment of $148,671.86 to Skinny Kid.

3. Skinny Kid sued the insurer, and the case was removed to this Court. *See* Civil Action No. 7:19-cv-136. The parties subsequently resolved that case.

4. Skinny Kid now brings a claim alleging that Gallagher, as the insurance broker, inspected the property and prepared a Statement of Values Schedule in the Policy assigning the replacement cost value of $550,000 to the structures/contents.

Skinny Kid alleges that Gallagher misrepresented the appropriate amount of replacement cost insurance needed under the Policy.

5. Gallagher was served with process on April 27, 2020. Ex. 1. This Notice of Removal is filed within 30 days of April 27, 2020. As a result, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b).

## DOCUMENTS FROM REMOVED ACTION

6. Gallagher attaches true and correct copies of the following documents to this Notice of Removal:

Exhibit 1:  All pleadings, orders, and other filings in state court action;
Exhibit 2:  Citizenship of Skinny Kid;
Exhibit 3:  Citizenship of Arthur J. Gallagher & Co.; and
Exhibit 4:  Citizenship of Arthur J. Gallagher Service Company, LLC.

## GROUNDS FOR REMOVAL

7. Gallagher invokes its right to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions if the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

**A. There is Complete Diversity of Citizenship.**

8. This Court has original subject-matter jurisdiction under 28 U.S.C. § 1332(a) because complete diversity exists between Skinny Kid and Gallagher and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      Skinny Kid asserts that it is a limited liability company organized and operating under the laws of the State of Texas.  The citizenship of a limited liability company is determined by the citizenship of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F. 3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associates or entities, the citizenship of a LLC is determined by the citizenship of all of its members.").  Skinny Kid's only reported member/manager is Barbara Hughes, an individual domiciled in the State of Texas.  Ex. 2.  Skinny Kid is therefore a citizen of Texas.

10.     Defendant Arthur J. Gallagher & Co. is incorporated in Delaware with its principal place of business in Illinois.  Ex. 3.  Accordingly, it is a citizen of Delaware and Illinois.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business….").

11.     Defendant Arthur J. Gallagher Service Company, LLC is a limited liability company.  Defendant Arthur J. Gallagher Service Company, LLC has one member:  Arthur J. Gallagher Financial Services, LLC.  The sole member of Arthur J. Gallagher Financial Services, LLC is Arthur J. Gallagher & Co. (which is incorporated in Delaware and has its principal place of business in Illinois).  Ex. 4.

Thus, Arthur J. Gallagher Service Company, LLC is a citizen of both Delaware and Illinois.

12. The parties are completely diverse. Complete diversity exists when no plaintiff is a citizen of the same state as any defendant. *Mas v. Perry*, 489 F.2d 1396, 1398-99 (5th Cir. 1974) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). Here, Skinny Kid is a citizen of Texas, and Gallagher is a citizen of Delaware and Illinois. Since Skinny Kid is not a citizen of the same state as Gallagher, complete diversity exists.

### B. The Amount in Controversy Requirement is Satisfied.

13. The amount in controversy in this case exceeds $75,000. *See* 28 U.S.C. § 1332(a). Skinny asserts that it is seeking "monetary relief over $500,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney [sic] fees." Ex. 1, Original Pet. at ¶ 5; *see also* 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of [diversity of citizenship], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ."). Thus, the amount in controversy requirement is satisfied.

### REMOVAL IS PROCEDURALLY CORRECT

14. Gallagher has filed this Notice of Removal within 30 days of service, pursuant to 28 U.S.C. § 1446(b). Ex. 1. Removal is therefore timely.

15. Pursuant to 28 U.S.C. § 1446(b), all Defendants consent to removal.

16. Venue is proper in this District and Division under U.S.C. §§ 1441(a), 1446(a) because this District and Division include the county in which the state court action has been pending, and because a substantial part of the events giving rise to Skinny Kid's claims allegedly occurred in this District and Division.

17. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice of Removal. Ex. 1.

18. Pursuant to 28 U.S.C. § 1446(d), simultaneously or promptly after Gallagher files this Notice of Removal, written notice of the filing will be given to Skinny Kid, the adverse party, and a true and correct copy of this Notice of Removal will be filed with the clerk of the District Court of Ector County, Texas.

19. By virtue of this Notice of Removal, Gallagher does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure.

## CONCLUSION

20. Because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00, Gallagher hereby removes this case to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. Gallagher further requests any other relief to which it may be entitled.

Respectfully submitted,

**FOGLER, BRAR, O'NEIL & GRAY LLP**

*/s/ Murray Fogler*
　　Murray Fogler
　　***Attorney in Charge***
　　State Bar No. 07207300
　　mfogler@fbfog.com
　　Jas Brar
　　State Bar No. 24059483
　　jbrar@fbfog.com
909 Fannin Street, Suite 1640
Houston, Texas  77010
Tel:  713.481.1010
Fax:  713.574.3224

**ATTORNEYS FOR DEFENDANTS ARTHUR J. GALLAGHER & CO. & ARTHUR J. GALLAGHER SERVICE COMPANY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2020, a true and correct copy of the foregoing has been served on all counsel of record by the Electronic Service Provider, if registered, otherwise by email, as follows:

Shaun W. Hodge
shodge@hodgfirm.com
The Hodge Law Firm, PLLC
2211 Strand, Suite 302
Galveston, Texas 77550
(409) 762-5000 (Tel)
(409) 763-2300 (Fax)

**COUNSEL OF RECORD FOR PLAINTIFF**

　　　　　　　　　　　*/s/     Jas Brar*
　　　　　　　　　　　　　Jas Brar